IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| ROBERTO THOMPSON, | : | |
| --- | --- | --- |
| Plaintiff, | : | 1:14-cv-0894 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| SIS LT. J. BENFER - FBOP | : | |
| OFFICER/EMPLOYEE, | : | |
| Defendants. | : | |

# **MEMORANDUM**

**September 21, 2015**

Plaintiff, Roberto Thompson ("Thompson"), an inmate who, at all times relevant, was confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg), Pennsylvania, commenced this Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq*. action on May 9, 2014, naming as defendants the United States of America and Lieutenant J. Benfer ("Benfer"). (Doc. 1). Thompson alleges that the defendants denied him access to the courts by confiscating a writ of mandamus and notice of claim to be filed in the United States Court of Appeals for the Second Circuit. (*Id.* at p. 2). Presently pending is Defendants' motion (Doc. 11) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the

reasons set forth below, the motion to dismiss will be granted.[1]

I.   STANDARD OF REVIEW

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss generally "relies on the complaint, attached exhibits, and matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC*

---

[1] The motion to dismiss is dispositive of the case. Consequently, the summary judgment motion will not be addressed.

2

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P. 8(a)(2).

## II. ALLEGATIONS OF THE COMPLAINT

Thompson alleges Defendant Bender denied him access to the court "*via* confiscating my writ of mandamus and notice of claim for case # 12-1523 [which] were returned to me by the U.S.C.A. for the Second Circuit so that I could cure the filing defects and resubmit the said documents for the civil action(s) for which I was appealing my criminal conviction." (Doc. 1, p. 2). He alleges that the confiscation of the documents prohibited him from curing the defects and resubmitting the documents and, as a result, his appeal was dismissed. (*Id.* at 3). He is seeking monetary damages. (*Id.* at 2).

## III. DISCUSSION

Under the FTCA, sovereign immunity has been waived, in limited circumstances, for claims for money damages against the United States for injury or loss of property caused by the negligent or wrongful act or omission of a federal employee. 28 U.S.C. § 2671, *et seq*. A person may sue under the FTCA to recover damages from the United States for personal injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. *United States v. Muniz*, 374 U.S. 150 (1963).

### A. Defendant Benfer

The FTCA, 28 U.S.C. § 2679(b)(1), provides that a suit against the United States is the exclusive remedy for persons seeking recovery for common law torts committed by federal employees within the scope of their federal employment. *See also* 28 U.S.C. §1346(b) (governing jurisdiction). Because the FTCA is a limited waiver of sovereign immunity which extends to the United States, but not to its agencies and employees, the United States is the only appropriate defendant. As such, the complaint against Defendant Benfer will be dismissed.

### B. United States of America

Thompson fails to state a cognizable claim for damages under the FTCA. His sole claim is that his right to access the courts has been denied. There is no

question that prisoners have a constitutional right to access the courts for the purpose of challenging their convictions, sentences, or conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Bounds v. Smith*, 430 U.S. 817, 828 (1977). However, the FTCA does not provide a remedy for constitutional torts. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994); *Williams v. United States*, 242 F.3d 169, 175 (4th Cir. 2001). Because the FTCA contains no waiver of immunity for claims of federal constitutional violations, Thompson's assertion of alleged unconstitutional acts are not cognizable under the FTCA and will be dismissed. *See Coudon v. Duffy*, 446 F.3d 483, 499 (3d Cir. 2006) (finding that "the United States is not liable under the FTCA for money damages for suits arising out of constitutional violations"); *James v. United States*. 2009 WL 2605305, at *5 (W.D.Pa. Aug.21, 2009) ("It is well-settled that the FTCA does not waive the United States' sovereign immunity for constitutional torts that may have been committed by its employees").

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 11) to dismiss will be granted.

A separate order will enter.